# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS ROSALES, : | PRISONER CIVIL RIGHTS |
| INMATE NO. 786319, : | 42 U.S.C. § 1983 |
|    Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:06-CV-2032-TCB-SCC |
| : | |
| CHAIRMAN GARLAND R. : | |
| HUNT and STATE BOARD OF : | |
| PARDONS AND PAROLES, : | |
|    Defendants. : | |

## ORDER AND OPINION

Plaintiff has submitted the instant 42 U.S.C. § 1983 pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

AO 72A
(Rev.8/82)

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

AO 72A
(Rev.8/82)

II.  Discussion

According to Plaintiff, on June 20, 1993, he "was arrested on the charge of accidental vehicular homicide." (Doc. 1 at ¶ IV). In April of 1994, Plaintiff "pled guilty in Gwinnett County Superior Court and was given a twenty-one (21) year sentence." (Id.).

On June 20, 1995, the State Board of Pardons and Paroles ("Board") informed Plaintiff that the tentative date for his release on parole was June of 2000. (Doc. 1, Exhibit 1). As part of the conditions of being released on parole, Plaintiff was required to undergo "substance abuse counseling." (Id.). On June 17, 1996, Plaintiff was awarded a Certificate of Achievement for completing a twelve (12) week substance abuse program. (Exhibit 3). Despite completing the substance abuse program, the Board changed Plaintiff's tentative parole date to June of 2009, and stated in 2003 and 2005 that Plaintiff was required to "participate in a substance abuse treatment program." (Exhibits 2 and 4).

As evidenced by their decisions, Plaintiff alleges that the Board is attempting to have him "slowly serve the maximum sentence without parole." (Doc. 1 at ¶ IV). Plaintiff alleges that the Board has violated his right to equal protection, subjected him to cruel and unusual punishment, denied him due process, and has relied on parole regulations and laws promulgated after he

3

committed his crime in violation of the Ex Post Facto Clause. (Id.; Doc. 1, attached brief).

In his original complaint, Plaintiff alleged that he has not sought relief from the Board's decision in any previous state or federal court action. (Doc. 1 at ¶ I). The original complaint also asked this Court to order the Board to immediately reconsider Plaintiff for parole under the Georgia laws and regulations in force at the time he committed his crime and in compliance with federal law. (Id. at ¶ V).

Plaintiff has now filed an amendment to his complaint in which he asks this court to treat this action as a 28 U.S.C. § 2254 habeas corpus petition. (Doc. 6). As relief, Plaintiff asks this Court to order the trial court, the Attorney General of the State of Georgia, and the Board to run his state sentences concurrently, so that he may be released in 2008. (Id. at 3).

Plaintiff has also filed a motion to compel in which he asks this Court to order the State of Georgia to "correct his illegal sentence." (Doc. 7 at 1). Plaintiff shows that he currently has a motion to modify sentence pending in the Gwinnett County trial court. (Id., Exhibit A). Plaintiff also shows that he was not only sentenced for accidental vehicular homicide, but also for hit-and-run and driving under the influence. (Id., Exhibit B).

4

Regarding the motion to compel, to some extent Plaintiff is restating the relief he requests in his motion to amend. However, Plaintiff also asks this Court to construe the motion as a petition for a writ of mandamus. (Doc. 7 at 1).

Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no "general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. . . ." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir.), cert. denied 454 U.S. 1126 (1981). Thus, this Court lacks the authority to grant Petitioner a federal writ of mandamus. Therefore, to the extent Plaintiff's motion to compel seeks mandamus relief, it should be denied.

Treating this action as a civil rights complaint, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such . . . remedies as are available are exhausted." See also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("we hold that the . . . exhaustion requirement applies to all inmate suits about prison life");

5

Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) (a federal court does not have jurisdiction to consider the merits of a prisoner's suit until he has exhausted his available remedies). The Supreme Court of Georgia has stated that when a prisoner seeks to challenge the Board's decision to deny parole, "the proper remedy lies in a mandamus action against the Board." Johnson v. Griffin, 522 S.E.2d 657, 658 (Ga. 1999).  As Plaintiff has not sought relief in state court to challenge the decision of the Board, this Court does not have jurisdiction to consider whether Plaintiff's claims against the Board have merit.  The action, with regard to claims against the Board should, therefore, be dismissed without prejudice.

While Fed. R. Civ. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at anytime before a responsive pleading is served," this action need not be re-filed as a petition for a writ of habeas corpus. Regardless of how this action is styled, Plaintiff is still required to exhaust his available state remedies. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues").  Plaintiff is correct that the exhaustion requirement may be waived upon a showing that the state remedies will not effectively protect his rights.  See 28 U.S.C. § 2254(b)(1)(B)(ii).

6

AO 72A
(Rev.8/82)

However, Plaintiff has not alleged any fact which, if proven, would demonstrate that the available state remedies are ineffective. Indeed, Plaintiff has only recently begun attempting to have his sentences modified in state court.

The Supreme Court has made clear that unexhausted habeas corpus petitions should be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509 (1982). Accordingly, this action, to the extent it seeks habeas corpus relief, should be dismissed without prejudice.

III. Conclusion

**IT IS ORDERED** that Plaintiff's motion to amend and/or treat action as a habeas corpus proceeding [Doc. 6] is **GRANTED**, pursuant to Fed. R. Civ. P. 15(a). The instant action [Docs. 1 and 6] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to compel [Doc. 7] is **DENIED**. Plaintiff's motion requesting assistance of counsel [Doc. 5] is **DENIED AS MOOT**.

IT IS SO ORDERED, this 30th day of November, 2006.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)